insurance policy. Section 1705(d) states in pertinent part: "Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss ...." In cases where there is no genuine issue of fact as to the nature and extent of the plaintiff's injury, the question of whether the action can be maintained is one for the trial court. In providing the limited tort option, the legislature intended to reduce both litigation and the cost of insurance. To permit cases where plaintiffs claim serious injury to go to the jury without first having the court determine whether the injury is a serious one could prove as expensive as an unrestricted right to sue, and would not substantially rein in costs of insurance and litigation. Permitting the trial court to make the threshold determination as to the seriousness of an injury, where there is no issue of fact as to the nature and extent of the injury, much better serves the legislative goal.

The record in this case amply supports the trial court's conclusion that the injuries sustained by appellant were not severe enough to permit recovery of noneconomic damages. The summary judgment entered in favor of appellee was properly affirmed by Superior Court.

ZAPPALA and CASTILLE, JJ., join in this concurring opinion.

John W. Packel, L. Roy Zipris, Ellen T. Greenlee, Philadelphia, for James Hall.

Catherine Marshall, Lawrence J. Goode, Philadelhia, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

ZAPPALA, J., dissents.

---

**COMMONWEALTH of Pennsylvania**

v.

**James HALL, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1998.
Decided Nov. 9, 1998.

**BOROUGH OF DOWNINGTOWN**

v.

**Thomas J. WAGNER, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1998.

Decided Nov. 9, 1998.

